UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| BOBBY BROCKINGTON ) <br> and ROBERT JOLLY, ) <br>  ) <br> Plaintiffs, ) <br>  ) <br> -vs- ) <br>  ) <br> WACHOVIA BANK, as trustee for the ) <br> registered holders Aegis Asset Backed ) <br> Securities Trust Mortgage Pass-Through ) <br> Certificates Series 2005-5, OCWEN ) <br> LOAN SERVICING, LLC, a/k/a OCWEN ) <br> FEDERAL BANK, KORN LAW FIRM, ) <br> SEALS LAW FIRM, P.A., PREMIER ) <br> PROPERTIES, and others as they become ) <br> known, ) <br>  ) <br> Defendants. ) <br> _____ ) | Civil Action No.: 4:08-cv-2324-TLW-TER <br><br><br><br><br><br> **REPORT AND RECOMMENDATION** |

### I.     INTRODUCTION

In this case, Plaintiffs, who are proceeding pro se, allege causes of action for violations of the Fair Credit Reporting Act, the Fair Debt Collection Practices Act, the Fair Credit Billing Act, as well as claims for fraud, conspiracy to commit fraud, libel, slander, and extortion. Presently before the Court is Defendant Premier Properties' Motion to Dismiss and Alternatively, Motion for Severance (Document # 17). Because Plaintiffs are proceeding pro se, they were advised pursuant to Roseboro v. Garrison, 528 F.3d 309 (4th Cir. 1975), that a failure to respond to the motion could result in the motion being granted, thereby ending the case. Plaintiffs have not responded to the motion.

### II.     RULE 41(B) DISMISSAL

A complaint may be dismissed pursuant to Rule 41 (b) of the Federal Rules of Civil Procedure for failure to prosecute and/or failure to comply with orders of the court. Ballard v.

Carlson, 882 F.2d 93 (4th Cir. 1989), cert. denied 493 U.S. 1084 (1990); Chandler Leasing Corp. v. Lopez, 669 F.2d 919 (4th Cir. 1982). In considering whether to dismiss an action pursuant to Rule 41(b), the court is required to consider four factors:

(1)   the degree of plaintiff's responsibility in failing to respond;

(2)   the amount of prejudice to the defendant;

(3)   the history of the plaintiff in proceeding in a dilatory manner; and,

(4)   the existence of less drastic sanctions other than dismissal.

Davis v. Williams, 588 F.2d 69,70 (4th Cir. 1978).

In the present case, Plaintiffs are proceeding pro se so they are entirely responsible for their actions. It is solely through Plaintiffs' neglect, and not that of an attorney, that no response has been filed. Plaintiffs have not responded to Defendant Premier Properties' Motion to Dismiss. The undersigned concludes Plaintiffs have abandoned their claims against Premier Properties. No other reasonable sanctions are available. Accordingly, it is recommended that Defendant Premier Properties be dismissed from this action pursuant to Rule 41(b), Fed.R.Civ.P.

### III.   CONCLUSION

In light of the above analysis, it is recommended that Plaintiffs' claims against Defendant Premier Properties be dismissed pursuant to Rule 41(b), Fed.R.Civ.P.[1]

                                                    s/Thomas E. Rogers, III
                                                    Thomas E. Rogers, III
                                                    United States Magistrate Judge

December 4, 2008
Florence, South Carolina

---

[1] Dismissal is also appropriate pursuant to Rule 12(b)(6), Fed.R.Civ.P., because Plaintiffs have failed to state a claim against Premier Properties upon which relief could be granted.