UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| BOBBY BROCKINGTON ) <br> and ROBERT JOLLY, ) <br> ) <br>          Plaintiffs, ) <br> ) <br> -vs- ) <br> ) <br> WACHOVIA BANK, as trustee for the ) <br> registered holders Aegis Asset Backed ) <br> Securities Trust Mortgage Pass-Through ) <br> Certificates Series 2005-5, OCWEN ) <br> LOAN SERVICING, LLC, a/k/a OCWEN ) <br> FEDERAL BANK, KORN LAW FIRM, ) <br> SEALS LAW FIRM, P.A., PREMIER ) <br> PROPERTIES, and others as they become ) <br> known, ) <br> ) <br>          Defendants. ) <br> _____ ) | Civil Action No.: 4:08-cv-2324-TLW-TER <br><br><br><br><br><br>**REPORT AND RECOMMENDATION** |

## I.    INTRODUCTION

In this case, Plaintiffs, who are proceeding pro se, allege causes of action for violations of the Fair Credit Reporting Act, the Fair Debt Collection Practices Act, the Fair Credit Billing Act, as well as claims for fraud, conspiracy to commit fraud, libel, slander, and extortion. Presently before the Court is Defendant Seals Law Firm's Motion to Dismiss (Document # 38). Because Plaintiffs are proceeding pro se, they were advised pursuant to Roseboro v. Garrison, 528 F.3d 309 (4th Cir. 1975), that a failure to respond to the motion could result in the motion being granted, thereby ending the case. Plaintiffs' Response was due February 12, 2009. To date, Plaintiffs have not responded to the motion.

## II.    RULE 41(B) DISMISSAL

A complaint may be dismissed pursuant to Rule 41 (b) of the Federal Rules of Civil

Procedure for failure to prosecute and/or failure to comply with orders of the court. <u>Ballard v. Carlson</u>, 882 F.2d 93 (4th Cir. 1989), <u>cert</u>. <u>denied</u> 493 U.S. 1084 (1990); <u>Chandler Leasing Corp. v. Lopez</u>, 669 F.2d 919 (4th Cir. 1982). In considering whether to dismiss an action pursuant to Rule 41(b), the court is required to consider four factors:

(1) the degree of plaintiff's responsibility in failing to respond;

(2) the amount of prejudice to the defendant;

(3) the history of the plaintiff in proceeding in a dilatory manner; and,

(4) the existence of less drastic sanctions other than dismissal.

<u>Davis v. Williams</u>, 588 F.2d 69,70 (4th Cir. 1978).

In the present case, Plaintiffs are proceeding <u>pro se</u> so they are entirely responsible for their actions. It is solely through Plaintiffs' neglect, and not that of an attorney, that no response has been filed. The undersigned concludes Plaintiffs have abandoned their claims against the Seals Law Firm. No other reasonable sanctions are available. Accordingly, it is recommended that Defendant Seals Law Firm be dismissed from this action pursuant to Rule 41(b), Fed.R.Civ.P.

### III.  CONCLUSION

In light of the above analysis, it is recommended that Plaintiffs' claims against Defendant Seals Law Firm be dismissed pursuant to Rule 41(b), Fed.R.Civ.P.[1]

 s/Thomas E. Rogers, III  
Thomas E. Rogers, III  
United States Magistrate Judge

June 4, 2009  
Florence, South Carolina

**The parties' attention is directed to the important notice on the following page.**

---

[1] Dismissal is also appropriate pursuant to Rule 12(b)(6), Fed.R.Civ.P., because Plaintiffs have failed to state a claim against Seals Law Firm upon which relief could be granted.

-2-