UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| BOBBY BROCKINGTON and ROBERT JOLLY, ) ) ) Plaintiffs, ) ) -vs- ) ) ) WACHOVIA BANK, as trustee for the ) registered holders Aegis Asset Backed ) Securities Trust Mortgage Pass-Through ) Certificates Series 2005-5, OCWEN ) LOAN SERVICING, LLC, a/k/a OCWEN ) FEDERAL BANK, KORN LAW FIRM, ) SEALS LAW FIRM, P.A., PREMIER ) PROPERTIES, and others as they become ) known, ) ) Defendants. ) _____ ) | Civil Action No.: 4:08-cv-2324-TLW-TER  **REPORT AND RECOMMENDATION** |

I.  **INTRODUCTION**

In this case, Plaintiffs, who are proceeding pro se, allege causes of action for violations of the Fair Credit Reporting Act, the Fair Debt Collection Practices Act, the Fair Credit Billing Act, as well as claims for fraud, conspiracy to commit fraud, libel, slander, and extortion. Presently before the Court is Defendants Ocwen Loan Servicing, LLC, a/k/a Ocwen Federal Bank and Korn Law Firm's Motion to Dismiss and for Summary Judgment (Document # 56). Because Plaintiffs are proceeding pro se, they were advised pursuant to Roseboro v. Garrison, 528 F.3d 309 (4th Cir. 1975), that a failure to respond to the motion could result in the motion being granted, thereby ending the case. Plaintiffs' Response was due October 15, 2009. To date, Plaintiffs have not responded to the Motion.

## II.     RULE 41(B) DISMISSAL

A complaint may be dismissed pursuant to Rule 41 (b) of the Federal Rules of Civil Procedure for failure to prosecute and/or failure to comply with orders of the court. Ballard v. Carlson, 882 F.2d 93 (4th Cir. 1989), cert. denied 493 U.S. 1084 (1990); Chandler Leasing Corp. v. Lopez, 669 F.2d 919 (4th Cir. 1982). In considering whether to dismiss an action pursuant to Rule 41(b), the court is required to consider four factors:

(1)   the degree of plaintiff's responsibility in failing to respond;

(2)   the amount of prejudice to the defendant;

(3)   the history of the plaintiff in proceeding in a dilatory manner; and,

(4)   the existence of less drastic sanctions other than dismissal.

Davis v. Williams, 588 F.2d 69,70 (4th Cir. 1978).

In the present case, Plaintiffs are proceeding pro se so they are entirely responsible for their actions. It is solely through Plaintiffs' neglect, and not that of an attorney, that no response has been filed. Further, Plaintiffs have failed to respond to any of the motions filed in this case. In fact, Plaintiffs have filed nothing in this case since the Complaint was filed in June of 2008. Plaintiffs' claims against all other Defendants have already been dismissed for Plaintiffs' failure to prosecute those claims. The undersigned concludes Plaintiffs have abandoned their claims against Ocwen Loan Servicing, LLC, a/k/a Ocwen Federal Bank and the Korn Law Firm .   No other reasonable sanctions are available. Accordingly, it is recommended that Defendants  Ocwen Loan Servicing, LLC, a/k/a Ocwen Federal Bank and the Korn Law Firm be dismissed from this action pursuant to Rule 41(b), Fed.R.Civ.P.

**III.    CONCLUSION**

In light of the above analysis, it is recommended that Plaintiffs' claims against Defendants Ocwen Loan Servicing, LLC, a/k/a Ocwen Federal Bank and the Korn Law Firm be dismissed pursuant to Rule 41(b), Fed.R.Civ.P.[1] and that this case be dismissed in its entirety as all other Defendants have previously been dismissed.

s/Thomas E. Rogers, III
Thomas E. Rogers, III
United States Magistrate Judge

December 10, 2009
Florence, South Carolina

**The parties' attention is directed to the important notice on the following page.**

---

[1] Dismissal is also appropriate pursuant to Rule 12(b)(6), Fed.R.Civ.P., because Plaintiffs have failed to state a claim against these Defendants upon which relief could be granted.